## Commonwealth, Appellant, *v.* Randall.

*Taxation—Collateral inheritance tax—Classification—Stepchildren.*

1. The Act of April 22, 1905, P. L. 258, exempting stepchildren from the collateral tax on devises and bequests to them from stepparents does not offend against the constitutional requirement as to uniformity in taxation.

2. Classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. If the distinctions are genuine the courts cannot declare the classification void, though they may not consider it on a sound basis. The test is, not wisdom, but good faith in the classification.

Argued March 26, 1909. Appeal, No. 102, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1908, No. 4,497, for defendant on case stated in suit of Commonwealth v. Washington West Randall. Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine liability for collateral inheritance tax.

From the case stated it appeared that the defendant's stepmother had devised to him real estate in the city of Philadelphia appraised at the value of $35,000. The commonwealth claimed $1,750, as collateral tax thereon. The case turned upon the constitutionality of the Act of April 22, 1905, P. L. 258, exempting stepchildren from the collateral tax on estates left to them by stepparents.

The court entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*M. J. O'Callaghan,* with him *J. Lee Patton,* for appellant.— We contend that the legislature had no power under the constitution of 1874 to pass the act exempting children of a former husband or wife even if the language and the parties intended to be relieved is clearly stated: Ayars's App., 122 Pa. 266; Cope's Est., 191 Pa. 1; Strode v. Com., 52 Pa. 181.

*Joseph H. Taulane,* of *White, White & Taulane,* with him *Ernest E. Provost,* for appellee.—The act exempts stepchildren: Lloyd's Est., 15 Pa. Dist. Rep. 932.

The act is constitutional: Kittanning Coal Co. v. Com., 79 Pa. 100; Hawes Mfg. Co.'s App., 1 Monaghan, 353; Com. v. Foundry Co., 203 Pa. 302; Com. v. Brewing Co., 145 Pa. 83; Pittsburg v. Coyle, 165 Pa. 61; Com. v. Clark, 10 Pa. Superior Ct. 507; Com. v. Mackey, 222 Pa. 613; Mixter's Est., 28 W. N. C. 182.

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

The power of the legislature to classify subjects for purposes of taxation has long ceased to be a matter of controversy. It is subject to limitation of course, and it is the limitation alone that concerns us here. We can do no better in this connection than repeat what was said by the present Chief Justice in Seabolt v. Northumberland County Commissioners, 187 Pa. 318, "Classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. If the distinctions are genuine the courts cannot declare the classification void, though they may not consider it on a sound basis. The test is, not wisdom, but good faith in the classification." The present case arises under the Act of April 22, 1905, P. L. 258, amending the general collateral inheritance tax of Act of May 6, 1887, P. L. 79. This latter act, as has been repeatedly held, is but a re-enactment of the previous laws reducing them into one harmonious whole: Commonwealth's Appeal, 128 Pa. 603. As under the previous laws estates passing upon the death of the party seized, whether by deed, will or under the intestate law, to collateral kindred, were grouped in one class subject to taxation, so in the act of 1887. If this line of distinction had been strictly observed, estates passing to husband and wife, or to the wife or widow of the son of the person dying seized would have been subjected to the tax; but by express terms, and for very obvious and just reasons, these were put in the exempt

class. The act of 1905 simply adds to this latter class estates passing to "children of a former husband or wife." The present case falls within its terms; the devise being to the stepson of the testatrix, the son of her husband by a former marriage. That a classification determined by character or degree of kinship with the person whose estate is transmitted is neither irrelevant nor artificial, is too obvious to call for discussion. The distinction between lineal and collateral kindred is not only reasonable, but it is natural as well, and has the merit of being so clearly defined that under it there can be no uncertain frontier. Whether one claiming is within a particular class can never be a debatable question, the fact in regard to his relationship once being determined. Whatever departure by way of exception there may be from the general line of distinction on which the classification is based, it too must be judged by the same test as is applied to the general scheme. If based on a genuine distinction, or some consideration which supplies a purpose other than an intention to evade the constitutional prohibition regarding uniformity in taxation, it will be upheld as within the legislative power and discretion. The primary distinction was disregarded in the case of husband and wife, yet it will hardly be contended that an artificial distinction was invented to bring those occupying this relation within the exempt class or that the legislature showed either lack of wisdom or good faith in so classifying them. The act of 1905 disregards the distinction and allows the exemption to stepchildren. The reasons for this particular legislation were not so cogent as those which prevailed to exempt property passing to husband and wife, yet the distinction here observed has still a basis in the marital and family relation, and it is upon this relation that the whole scheme of classification rests. With the wisdom of the legislation we have nothing to do; it is enough to know that it falls within the classifying power of the legislature, and therefore does not offend against the constitutional requirement as to uniformity in taxation.

Appeal dismissed at the costs of appellant.