# Butcher's Estate.

*Taxation—Collateral inheritance tax — Exemption — Child of former husband—Stepchildren—Divorce of parent and stepparent —Act of April 22, 1905, P. L. 258.*

The exemption from collateral inheritance tax of bequests to children of a "former husband or wife" as provided by the Act of April 22, 1905, P. L. 258, applies to a gift by a stepmother to her stepdaughter, although the father and stepmother had been divorced, and the legatee was described in the will as "my niece and daughter of my heart." The legatee, although a niece of testatrix, was still a child of her "former husband."

Argued May 4, 1920. Appeal, No. 253, Jan. T., 1920, by the Commonwealth, from decree of O. C. Phila. Co., July T., 1918, No. 38, dismissing exceptions to adjudication disallowing collateral inheritance tax in estate of Rosalie Butcher, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Exceptions to adjudication.    Before ANDERSON, J.

From the record it appears that the testatrix by her will gave all of her residuary estate "unto my niece (and daughter of my heart) Florence Addicks."

The opinion of the Supreme Court states the facts.

The auditing judge disallowed the collateral tax claimed by the Commonwealth.

The court dismissed the exceptions in an opinion by GUMMEY, J., HENDERSON, J., filing a dissenting opinion, in which GEST, J., concurred.    See 48 Pa. C. C. R. 580; 29 Pa. Dist. R. 109.

The Commonwealth appealed.

*Error assigned* was decree dismissing exceptions.

*Wm. M. Hargest,* Deputy Attorney General, with him *Wm. M. Bœnning* and *Wm. I. Schaffer,* Attorney General, for appellant.—The Act of 1905 did not place a child "of a former husband or wife" in the relation of one who directly inherited where the family relation, which had depended upon the marital state, was severed: Com. v. Randall, 225 Pa. 197; Seltzer's Est., 19 Pa. Dist. R. 1070; Brown's App., 112 Pa. 18; McCormick's Est., 1 Pa. C. C. R. 517; Lantz v. Frey, 14 Pa. 201; Com. v. Powell, 51 Pa. 438; Machemer's Est., 140 Pa. 544; Kern's App., 120 Pa. 523.

*Daniel C. Donoghue,* with him *Anthony A. Hirst,* for appellee, cited: Com. v. Randall, 225 Pa. 197; Lloyd's Est., 15 Pa. Dist. R. 932; Seltzer's Est., 19 Pa. Dist. R. 1070.

PER CURIAM, May 26, 1920:

Florence Addicks is a daughter of the late J. Edward Addicks and his wife, Laura Butcher Addicks. After her death he married her sister, Rosalie Butcher, from whom he was divorced and whose name was changed from Addicks to Butcher by an act of the legislature of

Delaware. Florence Addicks lived with her up to the time of her death, and, by her will, became her sole legatee and devisee, designated by the testatrix as the "daughter of my heart." The claim of the Commonwealth, disallowed by the court below, is for collateral inheritance tax upon her estate, and it was properly disallowed under the Act of April 22, 1905, P. L. 258, for Florence Addicks, though a niece of the testatrix, was still a child of her "former husband."

Decree affirmed.