## Belosevich's Estate

*Bloom & Bloom*, for accountant.
*Joseph J. Benedict*, for Commonwealth.

CRUMRINE, P. J., January 14, 1937.—By his will testator gives three legacies to three stepchildren, children of his widow by a former marriage. The widow is still living. The Commonwealth contends that these three legacies are subject to tax at the collateral rate of 10 percent. That is the only question before us.

It is conceded that under section 2 of the Act of June 20, 1919, P. L. 521, and its supplements, the words "children of a former husband or wife" included in the class subject to the lineal tax of two percent means, in general, stepchildren, but the Commonwealth says that this rule is subject to the condition that the "former husband or wife" of decedent must have predeceased him or her.

This position is based on the dictum of Judge Over in Lloyd's Estate, 15 Dist. R. 932, decided in 1905, the same year the provision exempting "children of a former husband or wife" from collateral inheritance tax was first

made a part of the law: Act of April 22, 1905, P. L. 258. In that case decendent was the widow of one Henry Lloyd, who had predeceased her by several years leaving children. Judge Over decided that the words "children of a former husband or wife" meant stepchildren, but gave this dictum:

"The purpose of the act seems to have been to exempt estates passing to a decedent's stepchildren from liability for the tax; but it is not clearly expressed, and if Henry Lloyd had survived this decedent, these appellants would not have been within the letter of the act."

Mr. Gilbert, in his recent work on Pennsylvania Inheritance Taxation, at page 243, cites this opinion of Judge Over's for the proposition:

"The surviving parent of the children, who made them the decedent's stepchildren by marrying the decedent in the latter's lifetime, must predecease the decedent, to bring the stepchildren within the letter and spirit of the act; as, if the parent survives the decedent, he or she is not a 'former' husband or wife".

Since this decision of Judge Over's which, so far as I can find, is the first to construe these words used in the Act of 1905, the courts have several times held flatly that the words in question mean "stepchildren", but none of them ever discussed Judge Over's dictum to the effect that before stepchildren can be classed as lineals for the purposes of taxation their parent must have predeceased decedent.

In Commonwealth v. Randall, 225 Pa. 197, the Supreme Court passed on the constitutional question, deciding that the classification made by the Act of 1905 was within the discretion of the legislature and did not violate the constitutional prohibition regarding uniformity in taxation. Mr. Justice Stewart said:

"The reasons for this particular legislation were not so cogent as those which prevailed to exempt property passing to husband and wife, yet the distinction here observed has still a basis in the marital and family relation,

and it is upon this relation that the whole scheme of classification rests."

The opinion assumes throughout that the words used mean stepchildren, and there is no suggestion that their parent, the former spouse of decedent, must be dead before the exemption can take effect.

In Butcher's Estate, 267 Pa. 521, in a short per curiam opinion, the Supreme Court sustained the finding of the Orphans' Court of Philadelphia County, reported in 29 Dist. R. 109, that a daughter of decedent's husband by a former marriage, from whom decedent had been divorced in her lifetime, came within the exemption of the Act of 1905, notwithstanding the divorce and notwithstanding the fact that the legatee was also the niece of decedent. It does not appear from the case as reported whether the divorced husband, father of the legatee, was living at the time of decedent's death, and, again, no mention is made of any qualification on the rule.

In Seabrook's Estate, 25 Dist. R. 411, testator died in 1897 leaving a will whereby he gave a legacy to a daughter of his wife by a former marriage. The wife did not die until 1913. It was held that the stepdaughter came within the excepted class, and Lloyd's Estate, supra, was cited as authority for such finding. Again no reference was made to Judge Over's qualification.

Judge Over's reasoning seems to be that the use of the word "former" can only refer to a spouse who had, by reason of death prior to decedent, ceased to occupy the relation of husband or wife to decedent at the time she or he died. There are two objections to this conclusion. First, there is no reason for such a distinction, since the "marital and family relation", given in Commonwealth v. Randall, supra, as the basis of the distinction, is the same whether the parent of the legatee be living or dead; and, second, the act of assembly does not say so. The word "former" is just as properly considered as referring to the person who was the husband or wife of decedent during his or her lifetime and is indicated in the distinction

between the words "wife" and "widow". It is on this latter and proper interpretation that all the later cases seem to proceed.

I find that under the authorities cited above the expression "children of a former husband or wife" is to be construed as meaning stepchildren, and that it makes no difference whether their parent is living or dead at the time of decedent's death.

A decree of distribution in accordance with the foregoing is filed herewith.