## Balthaser's Estate

*George B. Balmer*, of *Zieber & Snyder*, for petitioners.
*John S. Rhoda*, for Commonwealth.

Marx, P. J., April 22, 1939.—This matter arises on petition on appeal and answer.

Moses K. Balthaser died November 18, 1933, having by his will disposed as follows:

Subject to a life estate in his widow, "one half of the remaining real and personal property that is left at the time of death shall be divided amongst her children namely. one Equal Share to Minnie Hornberger Nee Oberholtzer her Heirs and assigns One Equal Share to Emma Frizh Nee oberholtzer her heirs and assigns One Equal Share to Annie Flickinger nee Oberholtzer her heirs and assigns and the other half of the estate shall be devided amongst Brother Henry Balthauser Children as follows. One equal share to mary Renninger nee Balthauser her heirs and assigns forever one equal share to Mrs. Charles Leininger nee Balthauser her heirs and assigns ever One equal share to Edwin Richard his heirs and assigns for ever One equal share to William Richard his heirs and assigns for ever."

Of those named, Mary G. Hornberger (Minnie Hornberger), Emma G. Fritch (Emma Frizh), and Annie Flickinger were the children of Elizabeth Balthaser (who died October 6, 1937), wife of testator, and stepchildren of testator. The register of wills, on February 3, 1939, filed a transfer tax appraisement, laying a tax at the rate of 10 percent on the appraised value of the estates vesting in the aforesaid three beneficiaries. The executors, in 1934, paid tax at the rate of two percent and now appeal from the levy at the 10 percent rate.

The Act of May 15, 1925, P. L. 806, sec. 1, 72 PS §2302, amending the Act of June 20, 1919, P. L. 521, art. I. sec. 2, imposes a tax, at two percent, on property passing to, inter alia, "children of a former husband or wife". Appellants contend the aforesaid three beneficiaries fall within the quoted classification. The Commonwealth opposes that view and asks an affirmance of the 10 percent levy. Petitioners speak of the beneficiaries not as "children of a former wife", but as "stepchildren of the testator". The Commonwealth contends that, although they were testator's stepchildren, children of his surviving wife by a former husband, they are not testator's stepchildren in the sense that they are the children of a wife who predeceased testator or between whom and testator the marriage bond had been otherwise broken and terminated, by another man. Thus only, they say, could they be the children of a "former" wife. These beneficiaries are the children of the "surviving" wife, to whom was given a life estate, and who died almost four years after testator. Were they the children of a "former" wife of testator within the intendment of the Act of 1925, supra?

What was the legislative intent in the use of the words "former husband or wife"? Legislative intent being apparent, the courts have no concern with the wisdom or prudence of an enactment. In the search for legislative intent, effect shall be given, if possible, to every word used, and words and phrases shall be construed according to their common and approved usage: Statutory Construction Act of May 28, 1937, P. L. 1019.

"Former", in its general or common usage, imports that which was "prior or earlier; past": New Century Dictionary; "Going before, or preceding in the order of time": Funk & Wagnall's New Standard Dictionary. It conveys the sense of completion in the past, and attached to that which was but is no more. Modifying the words "husband" and "wife", it distinguishes the spouse who was and as to whom the bond of marriage was broken by death or divorce.

In Lloyd's Estate, 15 Dist. R. 932, testatrix, widow of Henry Lloyd, provided by will for the children and a grandchild of her deceased husband by a former marriage. By the prior death of the husband the legatees became the children of a former husband, and were held exempt from collateral inheritance tax.

In Butcher's Estate, 267 Pa. 521, the Supreme Court, affirming, held that Florence Addicks was the daughter of a "former husband" of Rosalie Butcher, the testatrix, Rosalie having married and subsequently been *divorced* from J. Edward Addicks, father of Florence.

In Seabrooks' Estate, 25 Dist. R. 411, there was a gift of a life estate to the widow, with remainder to the widow's daughter. Testator died in 1897, the widow in 1913, and her daughter then came into possession. She was then the daughter of a former wife of testator and exempt under the Act of April 22, 1905, P. L. 258.

The case of Commonwealth v. Randall, 225 Pa. 197, "turned upon the constitutionality of the Act of April 22, 1905 . . ." Pertinent to this inquiry, the report sets forth (p. 199) : ". . . the devise being to the stepson of the testatrix, the son of her husband by a former marriage." It does not state whether the husband had preceded her in death or been divorced from her.

We find the prevailing view to be that only such stepchildren as are the children of a former husband or wife, deceased or divorced at the beginning of tax liability, fall within the class subject to the two-percent tax. In this view we agree.

The decision in Belosevich's Estate, 29 D. & C. 682, accepts "children of a former husband or wife" as synonymous with "stepchildren". The instant case does not require the adoption of that extreme view. Following the decisions here reviewed, we hold that the beneficiaries Mary G. Hornberger, Emma G. Fritch, and Annie Flickinger, when they entered into possession and enjoyment of their testamentary gifts, on October 6, 1937, were the

children of a former wife of testator and they were then, accordingly, liable to transfer or inheritance tax at the rate of two percent.

And now, April 22, 1939, the appeal is sustained, and the levy is amended accordingly.