## North Estate

*Jesse P. Long* and *James H. Prothero*, for appellant.
*William A. Sykes* and *John E. Aikman*, for Commonwealth.

LONG, P. J., April 4, 1949.—Marguerite Dickey has appealed from the appraisement and assessment of Pennsylvania inheritance tax made by the inheritance tax appraiser on July 23, 1948. The undisputed facts, in brief, are: J. Curt North owned a tract of land on and prior to May 6, 1947. On that date he, with his wife, Nettie E. North, conveyed by deed the land owned by him to his stepdaughter, Marguerite Dickey, the daughter of Nettie E. North by a former marriage. Mr. North died on April 23, 1948. The inheritance tax appraiser assessed the tax on the value of said real estate subject to taxation at the rate of 10 percent. On July 23, 1948, the grantee in said deed transmitted to Robert C. North, agent for the Commonwealth of Pennsylvania, the sum of $31.92, being payment of the inheritance tax due the Commonwealth on the value of said real estate subject to taxes (less the five percent discount allowed by law), at the rate of two percent under article I, sec. 2 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as last amended by section 1 of the Act of June 4, 1943, P. L. 868, 72 PS §2302. Mrs. Dickey has appealed from said appraisement and assessment within the time required by law.

The sole question for our consideration is whether the tax assessed shall be at the rate of 10 percent as alleged by the Commonwealth or at the rate of two percent as alleged by appellant. Our answer to this question must depend altogether on the meaning of the statutory words, "children of a former husband or wife".

Section 58 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558, provides that:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed: . . . (3) Provisions imposing taxes . . . (5) Provisions exempting persons and property from taxation."

The intention of the legislature may be ascertained by considering the occasion and necessity for the law and the contemporaneous legislative history. However, the legislature cannot be deemed to intend that language used in a statute shall be superfluous and without import: Commonwealth v. Mack Bros. Motor Car Co., 359 Pa. 636. With this view in mind, we shall refer to the first general Collateral Inheritance Tax Act of May 6, 1887, P. L. 79, which was but a reënactment of the previous laws, reducing them into one harmonious and consolidated law. See Commonwealth's Appeal, 128 Pa. 603.

Under the Act of 1887, supra, property passing to children of a former husband or wife was not recognized as exempt from collateral inheritance taxes. However, the Act of April 22, 1905, P. L. 258, amending the Act of 1887, P. L. 79, provides as follows:

"All estates . . . passing from any person who may die seized or possessed of such estates, either by will or under the intestate laws of this State, . . . to any person or persons, or to bodies corporate or politic, in trust or otherwise, other than to or for the use of father, mother, husband, wife, children, and lineal descendants born in lawful wedlock, children of a

former husband or wife, or the wife or widow of the son of the person dying seized or possessed thereof, shall be, and they are hereby made, subject to a tax of five dollars on every one hundred dollars of the clear value of such estate."

From and immediately after the effective date of the Act of 1905, supra, including the date of the transfer and assessment of taxes against the real estate in the instant case, the legislature has seen fit to include "children of a former husband or wife" in the class of persons "other than to or for the use of father, etc.", as exempt from the payment of collateral inheritance taxes on the transfer of property to them. See section 1 of the Act of June 4, 1943, P. L. 757, 72 PS §2302.

In Commonwealth v. Randall, 225 Pa. 197, while construing the constitutionality of the Act of 1905, P. L. 258, supra, Mr. Justice Stewart, speaking for the court, said:

"The Act of 1905 simply adds to this latter class estates passing to 'children of a former husband or wife'. The present case falls within its terms; the devise being to the stepson of the testatrix, the son of her husband by a former marriage."

Justice Stewart further said:

"The Act of 1905 disregards the distinction and allows the exemption to stepchildren. The reasons for this particular legislation were not so cogent as those which prevailed to exempt property passing to husband and wife, yet the distinction here observed has still a basis in the marital and family relation, and it is upon this relation that the whole scheme of classification rests."

There the Supreme Court, by dictum, has indicated that stepchildren of the deceased came within the exemption terms of the statute, to wit, "children of a former husband or wife".

In Butcher's Estate, 29 Dist. R. 109, affirmed in 267 Pa. 521, while discussing the provision, "children of a former husband or wife", contained .in the Act of 1905, P. L. 258, supra, the auditing judge in the lower court said:

"This Act, notwithstanding the uncertainty that arises from its peculiar language has been construed as exempting legacies to what are popularly known as stepchildren: Com. v. Randall, 225 Pa. 197."

In Butcher's Estate, Florence Addicks, appellant, was the daughter of the late J. Edward Addicks and his wife, Laura Butcher Addicks. After the death of Mrs. Addicks he married her sister, Rosalie Butcher, from whom he was divorced and whose name was changed from .Addicks to Butcher. Florence Addicks lived with her aunt and stepmother up to the time of her death and by her will became her sole legatee and devisee. The claim of the Commonwealth, disallowed by the court below, was for collateral inheritance taxes upon her estate and it was held that appellant was a child of her "former husband" and that the bequest to her was exempt from collateral inheritance taxes under the provisions of the act exempting children of a "former husband or wife". This was true regardless of the fact that the father and stepmother had been divorced. It was decided in Lloyd's Estate, 15 Dist. R. 932, and Seltzer's Estate, 19 Dist. R. 1070, that transfers to stepchildren are held exempt, although the marriage relation between decedent and their parent had been dissolved by the parents' death before that of decedent.

In Balthaser's Estate, 40 D. & C. 322, Judge Marx ,held that the word "former", when used to modify the words "husband" or "wife", connotes a spouse with whom the bond of marriage was broken by death or divorce, and that the prevailing view is that only such children as are children of a former husband or wife,

deceased or divorced at the beginning of tax liability, fall within the class subject to the two percent tax.

In the instant case the learned counsel for the Commonwealth have argued that although Marguerite Dickey was a stepchild of J. Curt North, yet she is not the child of a former wife who predeceased grantor, neither is she the child of a wife whose marriage with grantor was dissolved by divorce. Under such circumstances only, they contend, could Marguerite Dickey be the child of a "former wife" and entitled to an exemption at the rate of two percent on the estate transferred to her. From time immemorial the courts of Pennsylvania have recognized that the legal maxim, "nemo est haeres viventis" (no one is an heir to the living), prevails. Our statutes involving transfers and distribution of property recognize this principle.

The act under which the Commonwealth claims inheritance taxes in this case provides that:

"A tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases: . . . (c) . . . If such transfer is made within one year prior to the death of the grantor . . . and without an adequate valuable consideration, it shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this clause": 72 PS §2301.

In Schmuckli's Estate, 341 Pa. 36,. the court said:

"An inheritance tax is not a tax upon the property itself, but rather a tax on the succession or right of inheritance of the assets of the estate of a decedent."

Unquestionably there is a closer knit family relationship existing between a stepfather and stepdaughter during the time the mother and stepfather are living together in happy harmony as husband and

wife than would exist between the stepfather and stepdaughter after the dissolution of such marriage. Mr. Justice Stewart, in Commonwealth v. Randall, supra, having stated that the marital and family relationship was the whole scheme of classification contained in the exceptions, including transfers to children of a former husband or wife, it seems unreasonable for the Commonwealth to state that only such stepchildren as are the children of a former husband or wife, deceased or divorced at the beginning of the tax liability, are in the excepted class. If such contention were correct, then Marguerite Dickey would be the tax victim because of the dissolution by death of the happy family relationship existing between her mother and stepfather.

In Belosevich's Estate, 29 D. & C. 682, Judge Crumrine held that the marriage and family relation discussed in Commonwealth v. Randall, supra, is the same whether the parent of the legatee be living or dead; that the word "former" is just as properly considered as referring to the person who was the husband or wife of decedent during his or her lifetime and is indicated in the distinction between the words "wife" and "widow". In conclusion, Judge Crumrine held that "children of a former husband or wife" is to be construed as meaning stepchildren, and that it makes no difference whether their parent is living or dead at the time of decedent's death.

Considering that this taxing statute must be construed strictly, we agree with the conclusions reached by Judge Crumrine and hold that Marguerite Dickey's status as a child of a former wife of J. Curt North is the same whether her mother was divorced living or dead on the effective date of the transfer made in contemplation of death. Real estate transferred to her was exempt from transfer taxes over and above

the two percent paid by her. We, therefore, make the following

*Order*

And now, April 4, 1949, after due and careful consideration, the appeal is sustained and Marguerite Dickey shall be credited with the payment of the transfer inheritance taxes heretofore paid by her.