## Fox et al., Appellants, v. Fell et al.

Argued April 13, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John P. Connelly,* for appellants.—The title of the act was defective: Com. v. Samuels, 163 Pa. 283; Mt. Joy Boro. v. Lancaster, 182 Pa. 581; Prov. L. & T. Co. v. Hammond, 230 Pa. 407; Central Dist. P. & T. Co. v. Boro., 242 Pa. 597; County Commissioners' Petition, 255 Pa. 88; Com. v. Boro., 272 Pa. 189; Phillips's Est., 295 Pa. 349.

*William T. Cooper,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, for appellee.—The Act of May 13, 1927, P. L. 985, is not unconstitutional as violative of section 3 of article III of the Constitution of Pennsylvania: Sugar Notch Boro., 192 Pa. 349; Blanchard v. McDonnell, 286 Pa. 287.

The objection made by plaintiff that the Act of May 13, 1927, P. L. 985, is unconstitutional and void because it attempts to amend the Act of June 17, 1913, P. L. 507, without any reference in the title of that act to any obligation imposed upon or against an estate of a decedent is manifestly without force: General Assembly v. Gratz, 239 Pa. 497.

OPINION BY MR. JUSTICE LINN, May 26, 1932:

Complainants, executors and trustees, filed their bill to restrain defendants, constituting the board of revision of taxes for Philadelphia County, from levying and collecting the four-mill tax payable under the Act of

June 17, 1913, P. L. 507, as amended by the Act of May 13, 1927, P. L. 985, from the estate of their testator for the years 1927-8-9-30 and 31. Defendants answered.

On November 28, 1931, counsel for both parties agreed of record that the case should be finally heard on bill and answer. On the same day they also stipulated that the amount of the taxes involved was $3,251.37, for which, with interest, judgment should be entered against the plaintiffs if "the court should decide that the Act of May 13, 1927, P. L. 985, is constitutional." After hearing, the learned court below held that the amendment is constitutional and dismissed the bill, but failed to decree payment of the taxes in accordance with the agreement. In Miller, Admr., v. Northampton Co. [the preceding case], it was held that the amendment is constitutional; for the reasons there stated we agree with the conclusion reached below. To give effect to the agreement of the parties, the record is remitted with instructions to supplement the decree by ordering that plaintiffs pay to defendants for the use of the City of Philadelphia (Act of July 11, 1923, 1038; Phila. v. Kolb, 288 Pa. 359) the sum of $3,251.37 with interest, as stipulated in the record, costs to be paid by appellants.