## Terenzio et al., Appellants, *v.* Devlin, Director, et al.

Argued March 23, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Clyde P. Bailey,* with him *Dane Critchfield* and *Bailey & Critchfield,* for appellants.

*Bennett Rodgers,* First Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE DREW, April 18, 1949:

We have here a petition for a declaratory judgment which challenges the constitutionality of two ordinances of the City of Pittsburgh concerning the collection of commercial garbage and rubbish. It is alleged that they are discriminatory and unreasonable. From an order dismissing the petition, plaintiffs appealed.

The evidence at the hearing before the learned trial judge disclosed the following pertinent facts: The four plaintiffs operate respectively a produce market, a bakery, a grocery, and a poultry market. They speak not only for themselves but their trade associations as well. For many years their garbage, which averages from two to fifteen 50-gallon drums a week, was collected by the City. However, the City's disposal facilities became overloaded to such a point that it was impossible for the City to dispose of all the garbage collected. As a result, on March 26, 1945, Ordinance No. 84 was enacted by the Pittsburgh City Council, prohibiting the Bureau of Refuse of the City from collecting any refuse arising out of the operations of business or industry excepting only garbage of public eating places. Thereafter, on December 16, 1946, Ordinance No. 487 was enacted, requiring all businesses having commercial garbage to file statements setting forth the name of their private collector and an estimate of annual tonnage. It is these two ordinances which are challenged in this proceeding. The City can collect and dispose of 750 tons of garbage a day. Collections from private homes and public eating houses range from 700 to 750 tons daily. To increase the City's capacity for handling garbage would cost approximately $92,000, plus $1.00 per ton per day.

Plaintiffs do not contend that the City must collect garbage. They argue, however, that since the City does collect garbage, it is unreasonable discrimination not to collect all commercial garbage and the ordinances for-

bidding such collections are, therefore, unconstitutional. With that conclusion we must disagree.

It is unquestionably true that for class legislation to be constitutional, the classification must be reasonable, necessary and founded upon a real distinction: *Kurtz v. Pittsburgh,* 346 Pa. 362, 31 A. 2d 257. In the instant case, the City cannot collect and dispose of all garbage with its present facilities. The shortage of labor and materials, as well as the excessive costs, make it impractical, in fact almost impossible, for the City to enlarge its capacity at this time. In view of that situation, some classification was clearly necessary. The public health had to be protected. The need was imperative. The distinction between the garbage of a private home or a restaurant and the garbage of a produce market, bakery or poultry market is a real distinction and a reasonable one. It is self-evident that the quantity of garbage accumulating in a private home is far less than that of the plaintiffs' businesses, and we held in *Anderson v. Philadelphia,* 348 Pa. 583, 36 A. 2d 442, that a classification based on the quantity of refuse was reasonable and proper.

It is true that restaurants have as much or more garbage than do plaintiffs, but nevertheless, are excepted from the provisions of the ordinances. However, such an exception is based on sound public policy. By the Act of May 23, 1945, P. L. 926, the Legislature, in the interest of public health, established strict standards of sanitation for public eating houses. It is certainly reasonable and proper that the City should do everything in its power to aid such establishments to meet those legislative requirements. Furthermore, the distinction between restaurants and retail markets is a real one. While both types of establishments are under a duty to maintain sanitary conditions, there is more likelihood of contamination being undetected until after illness results in the case of restaurants, and consequently,

greater control is required. Thus, in view of the City's limited facilities, the classification is, in all respects, proper and the ordinances do not unreasonably discriminate against plaintiffs within the meaning of either the Constitution of the United States or that of Pennsylvania.

These ordinances do not violate the Charter Act of March 7, 1901, P. L. 20, Art. XIX, § 3, Clause XXXIII, which grants to the City the power to pass ordinances securing the general health. That Act is not a prohibition against reasonable classification. On the contrary, where, as here, considerations of general health necessitate a classification, it is that Act which gives the City the right to take the required steps.

The ordinances are, therefore, valid and constitutional, and a proper exercise of the City's legislative power. The petition was properly dismissed.

Order affirmed, at plaintiffs' cost.

Mr. Justice PATTERSON dissents.

———

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

It cannot be successfully contended that the ordinances in question, so far as they authorize collection of garbage from "public eating places," to the exclusion of other commercial establishments, are not discriminatory and unreasonable. The general rule undoubtedly is that "The exercise of municipal powers must be such as to operate with substantial equality and uniformity on all persons and classes similarly situated, and hence municipal ordinances and regulations that are unfair, partial, and discriminatory as between persons so situated are invalid": 43 C. J. section 231, p. 232. Applying this test to the present case, the invalidity of the ordinances is clear. Appellants, taxpayers of the City, are forced to remove their own garbage while the City

provides a disposal service for restaurants and hotels having a *similar* type of garbage *in greater amount*. Appellants concede that the City could refuse to collect garbage from *all* commercial establishments, but correctly assert that once it assumes such responsibility it may not discriminate against establishments similarly situated.

The majority of the Court uphold the exception to restaurants as a reasonable classification based on considerations of public health. The evidence presented does not establish that the disposition of restaurant garbage is of greater importance in maintaining proper sanitary standards than is the removal of garbage from businesses of the type operated by appellants. In the absence of proof of such fact, the ordinances are discriminatory. If the City, as may be conceded, was not financially able to collect all garbage, it might have set a uniform maximum limitation on the amount to be collected. See *Anderson v. Philadelphia,* 348 Pa. 583. But it could not, without offending the constitutional prohibition against unreasonable classification, enact the present ordinances providing for collection from restaurants *alone* among commercial establishments.

Accordingly, the court below was in error in dismissing appellants' petition, and its order should be reversed.