Sablosky, Appellant, *v.* Messner.

48

Argued October 3, 1952. Before STERN, STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

*Harold E. Kohn,* with him *Robert McCay Green, Aaron M. Fine, Dilworth, Paxson, Kalish & Green, Sydney S. Stern, Philip Sterling, Sterling, Stern & Levy,* and *Harry M. Sablosky,* for appellants.

*Edward Friedman,* Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, November 18, 1952:

This appeal is from the judgment of the Dauphin County Court upholding the constitutionality of The Realty Transfer Tax Act, approved December 27, 1951, P. L. 1742, effective February 1, 1952, to remain in force until and including May 31, 1953.

Lewis Sablosky, et al., copartners trading as Norris Amusement Company, on January 18, 1952 entered into a written agreement to sell and convey within 90 days from the date thereof a tract of land in Plymouth Township, Montgomery County, to Lawrence Tornetta for the consideration of $13,500. The sellers and purchaser joined as plaintiffs in a bill in equity brought against the Secretary of Revenue of the Commonwealth praying that the Act be declared unconsti-

tutional and void and the Secretary enjoined from collecting the tax imposed thereby with respect to the conveyance of the land thus agreed to be sold. There were no facts in dispute, the only issues raised being pure questions of law involving the constitutionality of the Act which were disposed of on plaintiffs' amended bill and defendant's responsive answer. The court *en banc* directed judgment to be entered in accordance with the decree *nisi* of the chancellor which dismissed the bill.

Appellants first contend that Section 3 of the Act is unconstitutional because vague and uncertain as to whether the buyer or the seller, or both, must pay the tax imposed. This section provides: "Every person who makes, executes, issues, delivers or accepts any document, or in whose behalf any document is made, executed, issued, delivered or accepted, shall be subject to pay for and in respect thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one (1) percentum of the value of the property represented by such document, which State tax shall be payable at the time of making, execution, issuance, delivery or acceptance of such document."

We think it clear that the tax imposed is upon transactions relating to real estate as evidenced by documents as the latter are defined in Section 2 of the Act, with dual liability for its payment. We approve and adopt the language of the chancellor: "It is not a tax on the real estate itself, nor a tax on the document *per se*, nor a tax upon the vellum, parchment or paper on which it is written. It is a tax 'for and in respect' to the document, 'or for or in request of the vellum, parchment or paper upon which such document is written or printed'. Back of the words used to express the legislative intent is the clear purpose, as evidenced by the definition, to tax certain transac-

tions pertaining to real estate. This purpose is obvious from the fact that the tax base is the value of the property involved in the transaction."

It cannot be seriously contended that two taxes are imposed, one upon the transferor and one upon the transferee. Entirely aside from the rule that double taxation is never to be implied unless the implication is unavoidable: *Commonwealth v. Pennsylvania Railroad Co.*, 297 Pa. 308, 147 A. 242, and that the presumption of law is against double taxation and continues until overcome by express words of the Legislature showing such intent: *Arrott's Estate*, 322 Pa. 367, 185 A. 697, we think it is reasonably apparent that the legislative purpose here was to impose one tax upon the transaction with liability by both parties thereto for its payment. It is made the duty of both parties to the transaction to see that the tax is paid. This dual responsibility may be discharged as they agree. Section 8 of the Act prohibits the recorder of deeds from recording a document to which stamps are not affixed. Appellants have furnished no authority or any sound reason why such dual liability may not be imposed. Other States have enacted substantially similar statutes imposing dual liability for the payment of a tax[1]

---

[1] The Massachusetts Act imposing an excise tax on deeds, instruments and writings, Massachusetts Laws 64d., as added by St. 1951, C. 710, imposes said tax ". . . in respect of the deeds, instruments and writings hereinafter mentioned and described, or for or in respect of the vellum, parchment or paper upon which such deeds, instruments or writings, or any of them, are written or printed." Section 2 of the said act imposes liability for the payment of the tax upon the person who makes or signs the deed, instrument or writing, or for whose benefit the same is made or signed.

The New York Stock Transfer Tax Act (Article XII of Chapter 60) of the Consolidated Laws provides in Section 3 that it shall be the duty of the person or persons making or effectuating

52

which apparently have not been challenged in this regard. In referring to Section 800(A)(3) of the Federal Revenue Act of 1926 imposing a stock transfer tax, in *Raybestos-Manhattan, Inc. v. United States*, 296 U. S. 60, the Supreme Court points out that this section "... imposes liability for the tax upon the transferor, the transferee and the corporation whose stock is transferred." At p. 62 the Court also refers to the tax as a tax on *the transaction.* No question of this imposition of triple liability was raised in the case.

It is true that where a statute is so vague, indefinite and uncertain that the courts are unable to determine with any reasonable degree of certainty what the Legislature intended, or is so incomplete and conflicting and inconsistent in its provisions that it cannot be executed, it will be declared inoperative: *Willcox v. Penn Mutual Life Insurance Co.*, 357 Pa. 581, 55 A. 2d 521; *Girard Trust Company, Trustee v. Pennsylvania Railroad Company*, 364 Pa. 576, 73 A. 2d 371; *Allentown School District Mercantile Tax Case*, 370 Pa. 161, 87 A. 2d 480. But, as declared in *Miller v. Belmont Packing & Rubber Co.*, 268 Pa. 51, 110 A. 802, " '. . . legislation should not be held invalid on the ground of uncertainty, if susceptible of any reasonable construction that will support and give it effect': 25 R.C.L. 810, and cases there cited. An act will not be declared inoperative and ineffectual on the ground that

---

the sale or transfer, including the person or persons to whom the sale or transfer is made, to pay the tax provided by this section. Thus, both transferor and transferee are liable.

Chapter 107 of the State Revenue Laws of South Carolina, Code of Laws of South Carolina 1942, imposes a stamp tax on bonds, debentures, etc., and uses the language: "In respect to the instrument or the vellum, parchment or paper upon which it is written or printed." The tax is imposed in the same language as the New York Transfer Tax Act and is payable by either party to the transaction.

it furnishes no adequate means to secure the purpose for which it is passed, if common sense and reason can devise and provide the means, and all the instrumentalities necessary for its execution are within the reach of those intrusted therewith: Com. v. Moir, 199 Pa. 534, 544." In *Howarth et ux. v. Gilman et al.*, 365 Pa. 50, 73 A. 2d 655, at p. 57 we stated the rule that is applicable here: "It is settled law that legislation will not be held invalid on the ground of uncertainty, if susceptible of any reasonable construction that will support and give it effect. Miller v. Belmont P. & Rubber Co., supra; Commonwealth ex rel. Greevy v. Reifsteck, 271 Pa. 441, 115 A. 130." We find no merit in appellants' contention that Section 3 of the Act is vague and uncertain and therefore invalid and inoperative.

Appellants' second contention is that the definition of the value upon which the tax is based is vague and also discriminatory. In Section 2 of the Act, "Value" is defined as follows: "In the case of any document granting, bargaining, selling, or otherwise conveying any land, tenement or hereditament, or interest therein, the amount of the actual consideration therefor, including liens or other encumbrances thereon, or a commensurate part of the liens or other encumbrances thereon where such liens or other encumbrances also encumber other lands, tenements or hereditaments: Provided, That where such document shall set forth a small or nominal consideration, the 'value' thereof shall be determined from the price set forth in or actual consideration for the contract of sale, or, in the case of a gift, from the actual monetary worth of the property granted, bargained, sold, or otherwise conveyed, which, in either event, shall not be less than the amount of the highest assessment of such lands, tenements or hereditaments for local tax purposes."

We cannot agree that this definition is vague. We deem it sufficiently certain. It is argued that alleged inconsistencies in the rules and regulations established by the Department of Revenue for the administration of the Act, show the uncertainty of the definition and confusion caused thereby. This appeal is not from an administrative ruling. Moreover the administration of the Act may present difficulties and cause some inequalities, but this is not fatal to the Act's validity. "Common sense and practical every day business experience are the best guides for those intrusted with the administration of tax laws. Taxation is a practical and not a scientific problem.": *Philadelphia & Reading Coal & Iron Company v. Northumberland County Commissioners,* 229 Pa. 460, 471, 79 A. 109. "There is no such thing as perfect uniformity and equality in taxation. The best that can be done, and all that is required, is that it should approximate uniformity and equality as nearly as possible: . . .": *Wilson et ux. v. Philadelphia et al.,* 330 Pa. 350, 352, 198 A. 893. And see *Commonwealth v. Lukens,* 312 Pa. 220, 167 A. 167; *Turco Paint & Varnish Company v. Kalodner et al.,* 320 Pa. 421, 184 A. 37; *National Transit Company et al. v. Boardman, Secretary of Revenue,* 328 Pa. 450, 197 A. 239; *Commonwealth v. McCarthy,* 332 Pa. 465, 3 A. 2d 267. In *Allentown School District Mercantile Tax Case,* supra, we said at p. 167 that the language of Article IX, Section 1 of the Constitution which provides for uniformity ". . . means that the classification by the legislative body must be reasonable and the tax must be applied with uniformity upon similar kinds of business or property and with substantial equality of the tax burden to all members of the same class: [citing cases]." Neither under the Act in question nor the rules and regulations established for its administration is there any inequality

in the imposition of the tax upon documents of the same class. It may be added that such inequalities that exist in the imposition of the tax upon different classes of documents under the rules and regulations, are clearly not of arbitrary creation but reasonably resultant in the machinery of the Act's application. See *Knisely v. Cotterel*, 196 Pa. 614, 46 A. 861.

In their claim that Value as defined causes discrimination, appellants argue that under the language of the definition itself there is lack of uniformity in that (a) although gifts are subject to tax, on the other hand other transfers for no actual consideration, where no nominal consideration is expressed, are not subject to tax, and (b) that transfers for an actual consideration, which is more than small or nominal, will under the Act be taxed on the basis of the actual consideration but that transfers by gift or transfers setting forth a small or nominal consideration, will, on the other hand, be taxed at the arbitrary minimum level of the highest assessment, whether it is greater than actual value or actual consideration or not.

As to (a), it is true that the tax is imposed upon gifts but not upon other transfers without actual consideration, but this is because the Act's clear import, despite some lack of clarity in the language employed, is to impose a tax only upon transactions where there is a real transfer of beneficial interest; and the rules and regulations of the Department of Revenue governing the enforcement of the Act so provide. Thus, for example, a deed from an agent or a straw man to his principal or a confirmatory deed, whether or not a nominal consideration is recited, is not subject to the tax. On the other hand, a gift is, because it is a real transfer of beneficial ownership. Obviously there is nothing in this contention. It was clearly within the

legislative power and prerogative to so classify and confine the imposition of the tax.

As to (b), appellants rely upon Article IX, Section 1 of the Constitution which provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws;...". It is argued that the tax being levied state-wide, state-wide uniformity is lacking because the tax is based on local assessments which are not uniform. In the first place it cannot properly be said that the tax is based on local assessments. It is based upon the actual consideration paid in the case of a sale and on the actual monetary worth in the case of a gift. As a safeguard against arbitrary or fraudulent representation of the actual consideration in the case of a sale or the actual monetary worth in the case of a gift, it is provided that the tax value shall in no case be lower than the assessed value. Instead of causing lack of uniformity, the formula prescribed assures at least a substantial uniformity by placing a floor below which no taxpayer may arbitrarily go in valuing his property for transfer tax purposes at variance with the facts.

Under Section 402 of the Act of May 22, 1933, P. L. 853, 72 PS §5020-402, assessments are required to be at the actual value of the property. The presumption is that the assessor performed his duty and that in compliance with the law he assessed the land at its full "actual value": See *Allentown's Appeals*, 147 Pa. Superior Ct. 385, 24 A. 2d 109. It is common knowledge that in comparatively few instances does the assessed value of a property exceed the actual value.

As stated in the decisions above cited, taxation is a practical matter and legislation upon the subject will not be declared invalid because some inequalities

inevitably result. Article IX, Section 1, of the Constitution requires merely substantial uniformity of taxation; absolute equality is impracticable: *Commonwealth v. Southern Pennsylvania Bus Company,* 339 Pa. 521, 15 A. 2d 375. And see *Commonwealth v. Delaware Div. Canal Co.,* 123 Pa. 594, 620, 16 A. 584; *Appeal of Fox and Wife,* 112 Pa. 337, 4 A. 149; *Commonwealth v. Merchants & Manufacturers National Bank of Pittsburgh, Pennsylvania,* 168 Pa. 309, 31 A. 1065.

Appellants' third contention is that the Act is discriminatory in exempting transfers between spouses and parents and children, provided for in the definition of "Document" in Section 2 of the Act. They rely upon Article IX, Section 1 of the Constitution, supra, providing for uniformity of taxation; upon Article IX, Section 2, providing that "All laws exempting property from taxation, . . . shall be void."; upon Article III, Section 7, providing that "The General Assembly shall not pass any local or special law: . . . Exempting property from taxation: . . . Granting to any . . . individual any special or exclusive privilege or immunity, . . .", and upon the Fourteenth Amendment to the Constitution of the United States.

It is no longer open to controversy that none of the above constitutional provisions (state and federal) prevents classification by the Legislature of the subjects of taxation if the classification is reasonable and not arbitrary. The sole question, therefore, is whether the Legislature properly classified and exempted transactions between husband and wife and parent and child. It is unquestionably true that for class legislation to be constitutional, the classification must be reasonable, and founded upon a real distinction: *Terenzio et al. v. Devlin, Director, et al.,* 361 Pa. 602, 605, 65 A. 2d 374. Appellants seem to concede that an exemption of gifts between husband and wife and parent and

child is a proper classification arising out of the natural affection of persons standing in such relationship, but claim that the exemption of business deals between members of a family serves no family purpose and has no justification.

We are not concerned with the wisdom of the legislation but only as to whether the classification is founded upon a real distinction. In *Commonwealth v. Randall*, 225 Pa. 197, 73 A. 1109, where the Act of April 22, 1905, P. L. 258 exempting stepchildren from the collateral tax on devises and bequests to them from step-parents was sustained, at p. 199 we said: "The reasons for this particular legislation were not so cogent as those which prevailed to exempt property passing to husband and wife, yet the distinction here observed has still a basis in the marital and family relation, and it is upon this relation that the whole scheme of classification rests.". Since the basis for classification in the present case was the marital and family relationship, we do not think the Legislature was required to differentiate sales from gifts in exempting transactions between husband and wife and parent and child. As we stated in *American Stores Company v. Boardman, Secretary of Revenue*, 336 Pa. 36, at p. 40, 6 A. 2d 826: ". . . classification for the purpose of taxation is generally for the legislature and the court can declare a statute void only when it clearly, palpably and plainly violates the constitution. . .".

In none of the foregoing contentions which we have considered have appellants met the heavy burden of overcoming the presumption of constitutionality. "It is axiomatic that he who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so. . . . All presumptions are in favor of the constitutionality of acts

and courts are not to be astute in finding or sustaining objections to them: . . .": *Hadley's Case,* 336 Pa. 100, 104, 6 A. 2d 874. In *Kelley v. Baldwin, Auditor General, et al.,* 319 Pa. 53, 54, 179 A. 736, we said: "An act may not be declared unconstitutional unless 'it violates the Constitution clearly, palpably, plainly; and in such manner as to leave no doubt or hesitation in our minds': Sharpless v. Mayor, 21 Pa. 147, 164; Tranter v. Allegheny Co. Authority, 316 Pa. 65, 75.".

Section 10 of the Act provides: "Notwithstanding anything contained in any law to the contrary, the validity of any ordinance or part of any ordinance, or any resolution or part of any resolution, and any amendments or supplements thereto, now or hereafter enacted or adopted by any political subdivision, providing for or relating to the imposition, levy or collection of any tax, shall not be affected or impaired by anything contained in this act.". Appellants attack this section of the Act, claiming it to be specifically aimed at amending two prior statutes (the Act of August 5, 1932, Special Session, P. L. 45, Sec. 1, 53 PS §4613, popularly known as the "Sterling Act", and the Act of June 25, 1947, P. L. 1145, Sec. 1, as amended, 53 PS §2015.1, popularly known as the "Tax Anything Act"), and therefore violative of Article III, Section 6 of the Constitution providing: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length.". This section of the Act is also alleged to be violative of Article III, Section 3 of the Constitution providing: "No bill, . . . shall be passed containing more than one subject, which shall be clearly expressed in its title.", and of Article III, Section 7, and Article IX, Section 1, by discriminating between municipalities of the same class.

We do not consider the questions raised under Section 10 of the Act to be presently justiciable, but pertinent only if the validity of an ordinance or resolution of a political subdivision were under consideration. We are now concerned solely with the constitutionality of the imposition of the tax by the Commonwealth itself. Although there is no severability clause in the Act, any question raised by Section 10 is so utterly distinct and apart from the rest of the Act's provisions that even if that section should prove unconstitutional, the validity of the remainder of the statute would not be impaired (see Statutory Construction Act of 1937, P. L. 1019, Article IV, Section 55; also *Commonwealth v. Columbia Gas and Electric Corporation*, 336 Pa. 209, 8 A. 2d 404).

Judgment affirmed at cost of appellants.