## Commonwealth Trust Co., Guardian, v. First National Bank of New Kensington, Administrator, et al.

Before Laird, P. J., and Bauer and McWherter, JJ.

*H. R. Bair* and *Carroll Caruthers*, for defendants.

*Edward B. Doran*, for plaintiff.

BAUER, J., April 27, 1953.—This matter came before the court en banc on the regular court en banc argument list, on Monday, December 15, 1952, on two sets of exceptions to the sheriff's distribution; one

was filed by the Commonwealth Trust Company, as guardian of the estate of George Lester Cupps, a weakminded person; and the other by Charles L. Cupps, one of the owners of the tract of land involved in the sheriff's sale.

We shall first deal with the exceptions filed by Charles L. Cupps as part owner of this tract of land. We are of the opinion that these exceptions are without merit, as a matter of law. While it is hard to understand why a sale of this property should be postponed when a bid of $19,900 was obtained, and later put up for sale when a bid of $16,500 was accepted—and if there was any way that we could make inquiry and set this sale aside when there is such a substantial variance in the amount of money obtained, we would do so, but as a matter of law, under the procedure adopted by this exceptant, we are unable to do so. His procedure, we feel, should be by bill in equity. We are therefore dismissing these exceptions in toto as being contrary to the law, as this court understands the law to be.

As to the exceptions filed by the Commonwealth Trust Company, as guardian of the estate of George Lester Cupps, a weakminded person, we are in agreement that the sheriff was in error when he distributed to the Allegheny Township School District a transfer tax of $165, as the law seems to be clear that such tax is not chargeable in this particular instance, against the proceeds of the sheriff's sale. See Allentown School District Mercantile Tax Case, 370 Pa. 161. This case, we believe, clearly decides this point. We therefore sustain this exception, as to the transfer tax of $165 distributed to the Allegheny Township School District.

The second exception of the Commonwealth Trust Company, as guardian of the estate of George Lester Cupps, a weakminded person, is to the distributing to

the Commonwealth of Pennsylvania of a transfer tax of $165. We believe this exception is also meritorious. Our Supreme Court has clearly decided that the Act of December 27, 1951, P. L. 1742, is constitutional in the late case of Sablosky v. Messner, 372 Pa. 47. While this case decides that this act of assembly is constitutional it does not attempt to say that the rules promulgated by the Secretary of Revenue under section 6 of this act are constitutional. The promulgated rule as to tax on real estate when sold at sheriff sale or on judgment is clearly and unmistakably one that cannot be comprehended or understood by a careful reading of this rule. The author of this rule certainly does not treat sheriff sales as a class but seems to distinguish in some manner or means between a sale on a judgment and one on a mortgage. It is most indefinite, arbitrary, and with a complete lack of understanding of the procedure used in sheriff's sales. There is no uniformity or equality in this promulgated rule, and we feel that under the law and under the Constitution such a rule cannot be enforced by this court, or any other court. For these reasons we feel that the second exception is well taken and that it should be sustained, and we therefore sustain it.

And now, April 27, 1953, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the exceptions to the sheriff's distribution filed by Charles L. Cupps be and the same hereby are dismissed; the exceptions to the sheriff's distribution filed by the Commonwealth Trust Company, as guardian of the estate of George Lester Cupps, a weakminded person, be and the same hereby are sustained, and Howard Bud Thomas, Sheriff of Westmoreland County, is directed and ordered to distribute the two items of $165 each to the persons entitled thereto, as a matter of law.