## Lake v. Gleeson

*Snyder, Palmer & Kasher* and *Rhoads, Sinon & Reader*, for plaintiffs.

*Edward Friedman*, Deputy Attorney General, and *Herbert B. Cohen*, Attorney General, for defendant.

RICHARDS, P. J., December 10, 1956.—This is an action in mandamus in which plaintiffs seek to compel the recording of a deed in Berks County from a trustee in bankruptcy, without the payment of the realty transfer tax imposed by The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, as amended, 72 PS §3283 et seq. The original complaint was directed to Gerald A. Gleeson, Secretary of Revenue. By amendment, Harry P. Kauffman, Recorder of Deeds of Berks County, was added as a party defendant. By a statement filed of record, Leroy W. Fron-

heiser, the duly elected Recorder of Deeds for Berks County, was substituted for Mr. Kauffman. An answer was filed to the complaint which admitted the facts, but denied certain allegations said to be conclusions of law. Thereafter, defendants moved for judgment. The case has been argued and is now before us for decision.

Charles M. Lake is trustee in bankruptcy of the Automotive Service of Reading, Inc., a subsidiary of Petrol Terminal Corporation. The plan of reorganization was approved by the Federal court. The Automotive Service of Reading, Inc., and Charles M. Lake conveyed property by deed to the California Oil Co. Under the approved plan of reorganization, it is provided:

"Real estate, transfer and sales taxes and any other transfer tax on the above sales and transfers to be shared equally."

A representative of plaintiffs tendered the deed to the recorder of Berks County for recording. He refused to record the deed without payment of the realty transfer tax mentioned above, and plaintiffs refused to pay said tax.

Section 2 of The Realty Transfer Tax Act, 72 PS §3284, defines document to include, inter alia: "Any deed . . . whereby any lands . . . within this Commonwealth . . . shall be granted, bargained, sold, or otherwise conveyed" . . .

Section 3, 72 PS §3285, imposes a tax upon: "Every person who makes, executes, delivers, or accepts or presents for recording any document", and requires that the tax be paid "in respect to the transaction or any part thereof".

The Supreme Court of Pennsylvania has held in Sablosky v. Messner, 372 Pa. 47, at page 50, that the tax is " 'not a tax on the real estate itself, nor a tax

on the document *per se*, nor a tax upon the vellum, parchment or paper on which it is written'." It is a tax on " 'transactions pertaining to real estate' ". This same opinion holds that while but a single tax is imposed on the "transaction", there is a dual liability to pay it. This, of course, means that any party to the transaction or any part thereof, be he grantor or grantee, is liable for the tax unless otherwise exempt. This brings us to the big issue of the case. Plaintiffs contend that section 267 of the Federal Bankruptcy Act of July 1, 1898, as added June 22, 1938, C. 575, sec. 1, 52 Stat. 903, 11 USC §667, exempts both grantor and grantee from the payment of the tax. This provision of the bankruptcy law reads as follows:

"The issuance, transfer, or exchange of securities, or the making or delivery of instruments of transfer under any plan confirmed under this chapter, shall be exempt from any stamp taxes now or hereafter imposed under the laws of the United States or of any State."

We think it obvious that a conveyance by deed is not the "issuance, transfer, or exchange of securities". It may well be included in "the making or delivery of instruments of transfer". So construed the trustee in bankruptcy would not be liable for the tax for *"making or delivery* of instruments of transfer." In fact, counsel for defendants has so conceded in his brief. He has declared that the State is not trying to tax the trustee. But we see nothing in this section quoted to relieve another party to the transaction, the grantee, who *accepted* the deed and *presented it for recording.* It is no detriment to an insolvent's estate to impose a tax on a solvent purchaser of assets. The purchaser is liable under the State law and under the State decisions, and there is nothing in the Federal Bankruptcy Act to exempt him.

We see nothing in Federal Land Bank of New Orleans v. Crosland, 261 U. S. 374, to the contrary. There the State attempted to tax a mortgage given to a Federal instrumentality, which the United States Supreme Court said could not be done. But that tax was on the mortgage directly. Under The Realty Transfer Tax Act of this State, no tax is imposed on the deed. It is upon the transaction. Essentially the same situation exists in Pittman v. Home Owners' Loan Corp., 308 U. S. 21. There, too, the Home Owners Loan was a Federal instrumentality and the tax was on the mortgage.

Defendants stress Alabama v. King & Boozer, 314 U. S. 1. There a cost plus contractor was obliged to pay a sales tax and passed it on to the United States Government. It was held that no constitutional immunity prohibited this. While not entirely in point, it does show that one who contracts with the United States Government is not always relieved from the payment of tax, a situation somewhat similar to the present case.

Finally, while under the plan of reorganization both grantor and grantee were to share the tax, this is a matter between them which is not an issue in the case before us. Defendants have disclaimed any intention of collecting the tax from the trustee.

We, therefore, conclude that the grantee is liable for the payment of the Pennsylvania realty transfer tax. His right to recover any part thereof from the trustee is not here involved.

### Decree

And now, to wit: December 10, 1956, judgment is entered in favor of defendants and against plaintiffs, at the cost of the latter.