## West York v. Overbrook Hosiery Co.

*John F. Rauhauser*, for plaintiff.

*Robert W. Morton*, for defendant.

SHADLE, J., June 6, 1960.—On April 1, 1957, plaintiff adopted an ordinance imposing a tax upon the transfer of title to real property within its limits in accordance with the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851. Thereafter defendant executed and delivered a deed transferring the title to certain real property within the Borough of West York without paying the tax thereon. Subsequently, plaintiff filed this lien for the amount of tax claimed and penalty thereon.

Defendant filed a petition to strike off the lien, upon which a rule was granted upon plaintiff. The grounds alleged by defendant were that the transfer of title was to a trustee for the shareholders of defendant, which transfer is not properly taxable under the

ordinance, that no change of possession nor execution or delivery of the deed took place within the Borough of West York to lay a foundation for the tax and that the ordinance was vague in imposing the tax both on the transferor and transferee. Plaintiff answered the rule, raising, among other issues, the propriety of proceeding by petition and rule to strike off the lien.

In its brief at the argument, defendant questioned the validity of the lien on a different ground, claiming there is no legal authority to file such a lien for a tax so imposed. Defendant cites no cases in support of this argument, and we believe the law is to the contrary. Section 12 of the ordinance provides that: ". . . the tax imposed by this ordinance shall become a lien upon the land . . . as to which the transfer of title is subject to the tax . . . the Borough Solicitor is authorized to file a tax claim for said tax in accordance with the provisions of the Municipal Lien Act of 1923. . . ."

The General Borough Act of May 4, 1927, P. L. 519, sec. 3401, as amended, 53 PS §48401, states that: ". . . boroughs may proceed for the recovery of municipal claims and taxes by lien. . . ."

The Municipal Lien Act of May 16, 1923, P. L. 207, sec. 1, as amended, 53 PS §7101, defines "taxes" as ". . . any . . . borough . . . taxes," a "municipal claim" as ". . . the claim arising out of, or resulting from, a tax assessed . . . by a municipality," and "municipality" as ". . . any . . . borough. . . ." It further provides, by section 9, as amended, 53 PS §7143, that ". . . claims for taxes . . . must be filed in the court of common pleas of the county in which the property is situated . . . and other municipal claims must be filed in said court. . . ."

We believe this legislation is sufficiently broad to authorize the filing of a lien for real estate transfer tax imposed under the authority of the Act of 1947, supra.

We do not agree with plaintiff's contention that defects in a tax lien may not be raised by a petition and rule to strike off the lien. Such procedure has been sanctioned from earliest times and as late as 1952. However, the use of this remedy is limited.

". . . the learned court below erred in striking the municipal claims from the record. Such claims can be removed only for defects apparent on their face. . . . In an action of this character, all that is before the court is the sufficiency of the lien and the matters of form . . .": New Kensington v. Gardner, 372 Pa. 72, 74-5 (1952).

Except for the question of whether the Municipal Lien Act authorizes the filing of this type of lien, none of the questions raised by defendant relate to matters of record or defects appearing on the face of the lien. The point raised in the petition, but not pressed at argument, that the ordinance was invalid for vagueness in making both the transferee and the transferor liable for the tax, has been answered adversely to defendant in Sablosky v. Messner, 372 Pa. 47 (1952), with respect to the Pennsylvania realty transfer tax.

As pointed out in New Kensington v. Gardner, supra, p. 76: ". . . where property owners feel themselves aggrieved in a situation of this character, a procedure is outlined for them in Section 16 of the Act of May 16, 1923. . . ."

This authorizes defendant in the tax lien, or an intervening real owner, to require plaintiff to issue a scire facias on the lien, to which all matters herein raised may be offered as a defense and properly adjudicated. In any event, under the authority of the New Kensington case, supra, we hold that none of the points raised by defendant herein require that the tax lien be stricken from the record.

*Order*

And now, June 6, 1960, at 9 a.m. eastern standard time, defendant's petition is dismissed, and the rule issued thereon is discharged.