## Pennsylvania Milk Control Commission v. Stocker

*Marvin D. Weintraub*, Assistant Attorney General, for Commonwealth.

*Norman Seidel* and *Charles D. Hogan*, for defendants.

WOODRING, J., July 10, 1961.—This case is before the court on defendants' preliminary objections to plaintiff's complaint.

Plaintiff seeks by this action in equity to restrain defendants from selling milk at unregulated prices at the farm where the milk was produced but from which it had been temporarily removed for pasteurization in defendants' plant. The action is brought under the 1959 amendment[1] of the Milk Control Law.[2] Section 402 of the Milk Control Law is entitled "Milk Dealers or Handlers Subject to Exemption". By this section, the commission is authorized to exempt milk dealers or handlers from the license requirements of the act under certain circumstances. The principal portion of the section concludes with:

". . . *However, milk dealers or handlers exempted by this section from the license requirements of this act shall continue to be subject to all the other provisions of this act relating to milk dealers or handlers: . . .*"[3]

Prior to the 1959 amendment, section 402 contained a proviso clause which permitted cash sales of milk at unregulated prices in quantities not exceeding two gallons per day per customer at the farms of producers.

To this proviso, the 1959 amendment added:

". . . if he [the producer] shall have produced all the milk on the farm where sold *and such milk has at no time left the producer's farm prior to its sale to the consumer* . . ."

Plaintiff's sole complaint against defendants is that they have been, are, and intend to continue to sell milk in lawfully limited quantity at the farm where produced, but from which the milk was temporarily removed for pasteurization in defendants' plant.

Defendants' preliminary objections, in the nature of a demurrer, are addressed to the unconstitutionality

---

[1] Act of November 21, 1959, P. L. 1587, 31 PS §700j-402.

[2] Act of April 28, 1937, P. L. 417, 31 PS §700j-101.

[3] Italics throughout ours.

of the 1959 amendment. Defendants contend that the amendment results in a denial of equal protection of the laws in violation of the fourteenth amendment to the Federal Constitution, and that it is special legislation and violative of section 7 of article III of the Constitution of the Commonwealth.

The constitutionality of the Milk Control Law was affirmed on June 26, 1936, by an order of the Supreme Court in Rohrer v. Milk Control Board, 322 Pa. 257, 186 Atl. 336. Since that decision the law or certain aspects of it have received judicial review in the courts of quarter sessions and common pleas, and in our appellate courts in innumerable cases. Likewise, the Milk Control Law has been the subject of literary review in the journals of the several law schools in our Commonwealth and by the editors of American Law Review.

We deem it unnecessary, therefore, to analyze the entire Milk Control Law but note, in passing, that the legislative purpose of the act is set forth in its first section.[4] The legislature states that the milk industry ". . . *is a business affecting the public health and affected with a public interest . . .*" This twofold purpose has resulted in legislation of health standards and administration, and the adoption and enforcement of price control. If the 1959 amendment reasonably furthers or maintains either of these purposes, defendants' demurrer must be overruled.

Section 7 of article III of the Constitution of Pennsylvania which prohibits "special legislation" does not contemplate that all legislation must result in equality of impact on all people. The legislature may adopt various classifications without violating the "special legislation" prohibition. In order for class legislation to be constitutional, the classification must be reason-

---

[4] Act of April 28, 1937, P. L. 417, art. I, sec. 101.

able and founded upon a real distinction.[5] The test of the constitutional validity of a statutory classification is not the wisdom of the classification, but the good faith in the classification, and courts may not question the wisdom of classification unless there can be no reasonable ground for it.[6] Classification is a legislative question subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified and not on artificial or irrelevant ones used for the purpose of avoiding the constitutional prohibition against local or special laws.[7] The legislative classification of subjects is binding upon the courts unless the classification adopted is purely fanciful and arbitrary, and no substantial or logical basis exists therefor.[8]

The questions of class legislation and equal protection of the law are the subjects of countless cases. We have examined many of them but perhaps the only conclusion which can be drawn from these many cases is that each one must be determined upon its own facts and circumstances. One of the cases which is somewhat analogous in principle to the case at bar is that of Empire Box Corporation of Stroudsburg v. Chestnut, 352 Pa. 418. In the Empire Box case, the provision of the Boiler Law that boilers destined for use in the Commonwealth should be inspected during construction, was held repugnant to the equal protection clause of the fourteenth amendment when construed to exclude unfired pressure vessels manufactured prior to the effective date of the law, and located outside of the Commonwealth. We will briefly allude to two other

---

[5] Sablosky v. Messner, 372 Pa. 47, 92 A. 2d 411.

[6] Loomis v. Board of Education of School District of Philadelphia, 376 Pa. 428, 103 A. 2d 769.

[7] Dufour v. Maize, 358 Pa. 309, 56 A. 2d 675.

[8] Commonwealth v. Trimmer, 53 Dauph. 91.

cases which are not controlling but which are in principle closely analogous to the instant case: Mayflower Farms v. Ten Eyck, 297 U. S. 266, 80 L. Ed. 675, 56 S. Ct. 457, and Gustafson v. City of Ocala, 53 So. 2d 658 (Florida).

Mayflower v. Ten Eyck held the provision of a milk control statute of New York State unconstitutional where the only differential in the classification was the date on which defendants embarked in the milk industry. The United States Supreme Court said:

". . . [it] is therefore so unreasonable as to deny appellant the equal protection of the laws in violation of the Fourteenth Amendment".

In the Gustafson case, a municipal ordinance which required pasteurization of milk, which milk was produced outside the county, to be performed within the county in which the municipality was located in order that such milk be eligible for sale within the municipality, was held unconstitutional and in violation of the equal protection clauses of the State and Federal Constitution.

The only question now before us is, whether the proviso in the 1959 amendment is reasonable, necessary, and founded upon a real distinction in order to safeguard the public health or promote public interest, or whether it is arbitrary and capricious.

At the outset, it is immediately apparent that the prohibition against temporary removal of milk from the producer's farm is unnecessary to protect the public health. The temporary removal from the producer's farm, in and of itself, has no relation to the sanitary or unsanitary condition of the milk. In any event, the public is abundantly protected under the provisions of the Milk Control Law and the laws which pertain to the production, processing and marketing of

milk and cream.[9] The Act of July 2, 1935, P. L. 589, 31 PS §645 et seq., is a complete code for the inspection of dairy farms, the handling of raw milk, the pasteurization and distribution of milk and milk products. The 1959 proviso adds nothing to the safeguards of those laws.

Likewise, the proviso of the 1959 amendment is unnecessary in the protection and maintenance of the public interest. The Milk Control Law is, at least in large part, a price control law. Plaintiff's brief contains: "The Milk Control Law is first and foremost a price fixing statute . . ." Legislative preference, in this and many instances, is given to the farm and farmer where the "natural products of the soil" are produced. The 1959 amendment is an unreasonable and unnecessary classification to maintain uniform price control. If a preference is to be continued in favor of the producer, and we find no fault with such preference, the classification or discrimination should not be rested on the tenuous fact that the milk has been temporarily removed from one of defendants' properties to another for pasteurization and then returned to the former. The producer of the pasteurized milk is one and the same with the producer of the raw milk. The farm where the milk is sold is one and the same with the farm where the milk was produced. Whether the milk was temporarily taken "across the road" or "down the road" to another of defendants' properties is of no moment. The paramount questions are: (1) is defendants' milk a wholesome product for human consumption; and (2) do defendants qualify as producer-sellers to sell at unregulated prices.

In our opinion, the legislature, perhaps unwittingly, has seized upon an arbitrary and capricious classification which cannot reasonably be expected to promote

---

[9] Act of April 28, 1937, P. L. 1125, 31 PS §511 et seq.

the public health and public interest. The enforcement of the provisions of the 1959 Act would serve as an economic barrier to the great harassment of a few farmers who fall within this arbitrary classification, but would result in financial gain to the commercial distributors in such a negligible amount as to constitute "de minimis". The Act of 1959 clearly violates the constitutional guarantees of the fourteenth amendment and section 7 of article III of the Pennsylvania Constitution.

### Order

And now, July 10, 1961, defendants' preliminary objections in the nature of a demurrer to plaintiff's complaint are sustained. The prothonotary is directed to enter judgment for defendants and against plaintiff. Costs on plaintiff.