## West York Borough v. Overbrook Hosiery Company

*John F. Rauhauser, Jr.,* for plaintiff.
*Robert W. Morton,* for defendant.

SHADLE, J., October 13, 1961.—On April 1, 1957, plaintiff adopted an ordinance imposing a tax upon

certain transactions and privileges in connection with the transfer of title to real property within West York Borough in accordance with the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851. On November 25, 1957, defendant, by its officers acting in the City of Chester, Delaware County, executed and delivered a deed to Fidelity-Philadelphia Trust Company, as trustee for a trust therein set forth, for certain real property within the West York Borough. At the same time, defendant's officers also assigned to the same grantee two written leases covering portions of the same premises then occupied by tenants. The deed recited a consideration of $120,000 but no consideration actually was paid. The Federal documentary tax and Pennsylvania realty transfer tax were paid on the transaction and the proper tax stamps were affixed to the deed. Plaintiff's realty transfer tax was not paid. The deed subsequently was recorded in York County.

On December 1, 1958, plaintiff filed a lien against the property described in the deed, listing defendant as owner, for the realty transfer tax of $1,200 and $120 interest as a penalty for nonpayment. Defendant filed a petition to strike off the lien on the grounds that no taxable event had occurred in West York Borough, that the ordinance was void for vagueness as to the responsible taxpayer, and that plaintiff had no authority to file such a lien. In an opinion and order filed by this court on June 6, 1960, to lien no. 314 of Tax Docket no. 79, defendant's second and third contentions were overruled for the reasons therein set forth, and the petition was dismissed on the ground that the first contention could be raised only in an affidavit of defense to a scire facias and not in a petition to strike.

Plaintiff thereupon issued a scire facias on the lien, to which defendant filed an affidavit of defense alleging precisely the same grounds as were asserted in the

petition to strike. The parties have stipulated as to the facts, and the matter was argued before the court. The legal issues, therefore, are whether the taxing ordinance is valid, whether the tax was properly imposed in this case, and whether the tax lien may be employed to collect it.

The question of the invalidity of the ordinance on the sole ground that it provides for collection of the tax from both the transferor and transferee was not mentioned by defendant at argument nor in its brief, and we consider it abandoned. As we noted in our prior opinion, this point has been decided adversely to defendant in Sablosky v. Messner, 372 Pa. 47 (1952), with respect to the same provision in the Pennsylvania Realty Transfer Tax Act.

Defendant contends that the deed was not a taxable instrument because no consideration was paid and the parties were legally identical, and that neither execution, delivery, nor acceptance of the deed nor acceptance of possession of the premises occurred within the taxing jurisdiction so as to form the basis for imposition of the tax.

We do not agree with defendant's contentions. It is not necessary that a consideration be paid nor that the transfer be an actual conveyance of the beneficial interest as a prerequisite to taxability. Section 3 (a) of the ordinance taxes "Every person who makes, executes, issues, delivers or accepts any document," which section 2 of the ordinance defines as "Any ... writing ... " by which land is "granted, bargained, sold, transferred, conveyed, assigned, accepted or otherwise vested in ... any other person ... " It will at once be seen that this definition of "document" is much broader than that contained in the Pennsylvania Realty Transfer Tax Act which refers only to an instrument by which land is "granted, bargained, sold, or other-

wise conveyed to the grantee, purchaser, or any other person . . ." Act of December 27, 1951, P. L. 1742, sec. 2, as amended, 72 PS §3284. It was this latter more restrictive definition which led the Supreme Court to say that the State " . . . Act's clear import . . . is to impose a tax only upon transactions where there is a real transfer of beneficial interest . . . " Sablosky v. Messner, supra, page 55.

Plaintiff clearly intended by its ordinance to tax the privileges incident to every transfer, actual or formal, of any interest, beneficial or otherwise. It was specifically given the authority to tax " . . . the transfer . . . of any interest in real property," as well as to place the tax on " . . . transactions . . . privileges (and) subjects . . . " relating thereto. Act of June 25, 1947, P. L. 1145, sec. 1, as amended, 53 PS §6851. It was this all-inclusive purpose which accounts for the recital in section 4 of the ordinance that deeds in lieu of mortage foreclosures, deeds of exchange, quit-claim deeds, transfers of title in exchange for corporate shares, and certain deeds of escrow parties, agents and straw persons all are subject to tax.

The same reasoning furnishes the answer to defendant's argument that the transfer was one from defendant corporation to a trustee for its shareholders, and that there was no substantial conveyance because both parties were actually the same. The fact that the grantor and grantee may have been legally identical parties is immaterial in the light of the all-inclusive purpose of the ordinance to reach every change of title. Plaintiff did see fit by its ordinance to exempt transfers from an agent to a principal of land bought with the latter's funds, transfers from a trustee to a beneficiary pursuant to a trust, and transfers from an executor to a devisee pursuant to a will. However, the deed in this case presents the converse situation, a conveyance from the beneficial party to the fiduciary

party. Defendant cannot bring itself within the terms of any of the exemptions, and the strict construction against tax exemptions required by the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58 (5), 46 PS §558, prevents us from doing so by implication.

It is difficult to understand how defendant can with logic contest the substantial nature of the conveyance so far as plaintiff's tax is concerned, when it apparently has admitted this factor by voluntarily paying the Federal and State taxes on the same transfer.

It is clear that the fact that the deed was executed and delivered outside West York Borough has no significance. The tax is imposed on the privilege of the person who "makes, executes, issues, delivers or accepts any document," or on the privilege of one who "transfers title to any lands," or on one who "accepts possession of any lands." The enabling Act of June 25, 1947, supra, authorizes such taxation by the municipality containing the land "regardless of where the instruments making the transfers are made, executed, or delivered or where the actual settlements on such transfers take place . . . " Section 2 of the ordinance imposes the tax "whether or not (the document is) executed, acknowledged or delivered within the Borough . . ." The same section provides that acceptance of possession "takes place at the site of the real estate involved, regardless of where the deed is . . . executed (or) delivered . . . " All three of the taxed events were within the reach of plaintiff's tax.

There is an inference in defendant's argument that possession never was transferred from grantor to grantee. The premises were occupied by tenants on the date of the deed. On that date, the grantor assigned the leases to the grantee. Clearly, this was a "transfer or change of possession . . . by the surrender of pos-

session by the grantor (and) the entry (or) constructive entry into possession by the grantee . . . " within the terms of the ordinance.

Finally, defendant strenuously contends that while it may be liable in an action of assumpsit for the tax, there is no legal basis for filing a tax lien to collect it. Section 12 of the ordinance provides that "The tax . . . shall become a lien upon the lands . . . which are described in . . . the document . . ." making the transfer, and authorizes the borough solicitor " . . . to file a tax claim for said tax in accordance with the provisions of the Municipal Lien Act of 1923 . . . "

Despite this provision, defendant argues that the Municipal Lien Act permits filing of liens only for property taxes, and not for excise taxes upon privileges such as that here involved, and, therefore, the lien in question is without legal authority. We do not believe this is so. Defendant points to section 4 of the Municipal Lien Act of May 16, 1923, P. L. 207, as amended, 53 PS §7107, which provides that "The lien for taxes shall exist in favor of, and the claim therefor may be filed against the property taxed . . ."

This section cannot be construed to limit the applicability of the act only to annual real estate taxes. If it were, it also would exclude claims for municipal improvements which clearly are not taxes on the property, but claims for benefits with respect to certain property. The act by its terms permits liens for such municipal claims. In like manner, the realty transfer tax here contested is a municipal claim due plaintiff, and may be collected by lien from the real estate "as to which" the document is made, the title is transferred, and the possession is accepted: section 12 of the ordinance, supra. As we pointed out in our prior opinion, boroughs are authorized without limitation to " . . . proceed for the recovery of municipal claims and

taxes by lien ... " (Act of May 4, 1927, P. L. 519, sec. 3401, as amended, 53 PS §48401), and the Municipal Lien Act, supra, deals with liens for " ... any ... borough ... taxes ... " Furthermore, section 1 of that act, as amended (53 PS §7101), defines "property" to mean " ... the real estate subject to the lien and against which the claim is filed as a lien," not merely as the property upon which the tax is imposed.

We believe it is abundantly clear that the ordinance imposing the tax is valid in the respect questioned by defendant, the tax was properly imposed upon the transaction in question, and may be collected by lien from the real estate against which the lien was filed. However, section 10 of the Municipal Lien Act, as amended, supra, (53 PS §7144), requires the claim to set forth the owner of the property against which it is filed. On the filing date, the record owner was not Overbrook Hosiery Company but Fidelity-Philadelphia Trust Company, Trustee. This creates no insurmountable problem, since section 34 of the Municipal Lien Act, supra (53 PS §7188), permits amendment of claims as a matter of right by leave of court. Leave will be granted plaintiff to amend its claim as to the name of the owner.

### Order

And now, October 13, 1961, leave is granted to plaintiff to file in the office of prothonotary an amended claim changing the name of the owner of the property in question from Overbrook Hosiery Company to Fidelity-Philadelphia Trust Company, Trustee. As and when such amendment is filed, all papers and docket entries herein are amended accordingly, and judgment thereupon is entered in favor of plaintiff and against defendant for the amount of said claim and costs of this proceeding. An exception is noted for defendant.