## Beaver Falls Thrift Corp. v. Jones

*Stewart P. McConnel*, for plaintiff.

*Whitmire & Mannis*, for garnishee.

ROWLEY, J., June 30, 1967.—This case is before the court on garnishee's request that execution be stayed as to the proceeds of a group life insurance policy issued by garnishee to defendant, Clarence Jones, and payable to defendant, Norma Jones, his beneficiary. The facts as shown by the pleadings, and stated by counsel for garnishee are:

"At No. 605 March Term, 1964, D.S.B., Beaver Falls Thrift Corporation entered a judgment against Clarence Jones and Norma Jones, husband and wife. Shortly thereafter, on September 17, 1964, the plaintiff issued a Writ of Execution at the above No. 16 December Term, 1964, on the said judgment; but the writ was not served insofar as the present garnishee is concerned.

"Defendant Clarence Jones was an employee of the Townsend Company and, as such, was covered by the Company's Group Life Insurance carried with the garnishee pursuant to Group Policy Number 300-030 under the terms of which Defendant Norma Jones, as wife of the insured, was designated beneficiary. Clarence Jones died while an employee of the Townsend

Company and while covered by the said Group Life Insurance Policy designating his wife, Norma Jones, as beneficiary.

"On May 4, 1966, after the death of Clarence Jones, the Writ of Execution was reissued and Aetna Life Insurance Company served as Garnishee. The execution plaintiff served interrogatories on the Garnishee and the Garnishee filed an Answer thereto wherein, under the heading of New Matter pursuant to Pa. R.C.P. 3145, the defense of exemption from execution pursuant to Statute was raised; and at the same time, the Garnishee requested that the execution be stayed as to said property pursuant to Rule 3121(a)(4). The execution plaintiff filed a reply denying that the proceeds of the Insurance Policy payable to Norma Jones as beneficiary is exempt under the terms of the Statute and further claiming that if such exemption exists the Statute is unconstitutional".

Section 418, Art. IV, of the Act of May 17, 1921, P. L. 682, as amended, 40 PS §534, reads:

"No policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of such employee, or his beneficiary, or any other person, who may have a right thereunder, either before or after payment, nor shall the proceeds thereof, when not made payable to a named beneficiary, constitute a part of the estate of the employee for the payment of his debts".

Plaintiff argues that the statute is not applicable if the proceeds of the policy are payable to the beneficiary. In Kruczaj v. Komar, 24 D. & C. 211 (1935), the Delaware County Court held that the proceeds

paid to the beneficiary and deposited by the beneficiary in a bank are exempt from attachment, garnishment or other process to pay the debts of the insured or beneficiary. We agree with that interpretation of the statute. Moreover, it has been held that an attempted waiver of the exemption from execution is against public policy and will not be enforced: Burkhard v. Heilmann, 19 D. & C. 503 (1933).

Plaintiff contends furthermore that, if the statute is construed to exempt the proceeds of the policy in this case, it violates the State and Federal Constitutions. In Baranovich v. Horwatt, 113 Pa. Superior Ct. 467 (1934), the argument was made by plaintiff that the statute in question was unconstitutional as being special legislation. The Superior Court of Pennsylvania rejected that argument and held that the act did not constitute special legislation. Also see Irving Bank v. Alexander, 280 Pa. 466 (1924), in which a similar statute was held to be constitutional. Nor are we persuaded that the act in question denies plaintiff the equal protection of the laws. Class legislation is constitutional if the classification is reasonable, necessary and founded upon a real distinction: 7 P. L. Encyc. Constitutional Law, §4. We are of the opinion that the classification involved is founded upon a reasonable basis. Counsel for the garnishee has stated the applicable rules of law very well.

In considering the plaintiff's challenge to the constitutionality of the above exemption statute, one must keep in mind that "Every presumption exists in favor of the constitutionality of a legislative act, and all doubts must be resolved in favor of the constitutionality thereof": 7 P. L. Encyc. Constitutional Law, §23. Every doubt must be resolved in favor of the constitutionality of a statute: Miller v. Northampton County, 307 Pa. 550 (1932); and Fox v. Fell, 307 Pa. 559. The courts have a duty not to declare an act un-

constitutional unless it is imperatively necessary to do so: Kelley v. Earle, 325 Pa. 337 (1937). An act of the legislature will be declared void only if it clearly, palpably and plainly violates the Constitution: Evans v. West Norriton Township Municipal Authority, 370 Pa. 150 (1952). The violation of constitutional provisions must be clear and such as to leave no doubt or hesitation in the judicial mind: 7 P. L. Encyc. Constitutional Law, §23, p. 226.

In challenging the constitutionality of the statute, execution plaintiff has a very heavy burden of proof. "The burden of showing the unconstitutionality of a statute beyond a reasonable doubt is upon the one asserting it, and one who claims that a legislative enactment is unconstitutional has the burden of proving a clear violation of a particular constitutional provision": 7 P. L. Encyc. Constitutional Law, §23, p. 230; Sablosky v. Messner, 372 Pa. 47 (1952); and Loomis v. Phiiladelphia School District Bd., 376 Pa. 428 (1954). This burden never shifts, as it has been ruled that the burden of proof, when legislation is under attack on constitutional grounds, never shifts from the one asserting the unconstitutionality: Bilbar Construction Company v. Easttown Township Bd. of Adjustment, 393 Pa. 62 (1958).

We are satisfied that plaintiff in this case has not sustained the heavy burden cast upon it under the foregoing rules.

ORDER

Now, June 30, 1967, it is ordered and directed that execution be and hereby is stayed as to the proceeds of Group Policy Number 300-030 issued by garnishee, Aetna Life Insurance Company, payable to defendant, Norma Jones, as the designated beneficiary of Clarence Jones, the insured. Service and levy of the writ of execution against garnishee, Aetna Life Insurance Company, is set aside.