## Penn-Delco School District v. DeFeo

*Edward J. Carney, Jr.*, for plaintiff Penn-Delco School District.

*Anthony A. Raffo*, for plaintiff Parkside Borough.

*Richard C. Slama, Jr.*, for defendant.

KEELER, *J.*—And now, this December 3, 1984, after trial October 1, 1984, we make the following

## I. FINDINGS OF FACT

1. Plaintiff, Penn-Delco School District, located in Delaware County, is a school district organized and existing under the laws of the Commonwealth of Pennsylvania.

2. Plaintiff, Parkside Borough located in Delaware County, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

3. Defendant, Peter Anthony DeFeo, is an individual residing in Deptford, State of New Jersey.

4. Plaintiff, Penn-Delco School District, adopted an ordinance imposing a real estate transfer tax on May 23, 1966, which includes a tax upon transfers of real property within the Borough of Parkside at the rate of one-half percent of the value of the real

property, or of any interest therein involved in the transfer.

5. Plaintiff, Parkside Borough, adopted an ordinance imposing a real estate transfer tax on July 1, 1963, which includes a tax upon transfers of real property within the Borough of Parkside at the rate of one-half percent of the value of the real property, or of any interest therein involved in the transfer.

6. In June of 1980, Peter Anthony DeFeo was the sole owner of certain real estate located in the Borough of Parkside containing approximately six acres of ground located on Park Valley Lane, which property was the subject of a deed dated June 13, 1980 between Peter Anthony DeFeo, grantor, and R. E. M. Co., grantee, a New Jersey limited partnership, with the consideration having been set forth in the amount of one dollar.

7. Peter Anthony DeFeo did not enter into any formal partnership agreement nor did he register R. E. M. Co. as a limited partnership in the State of New Jersey.

8. Subsequently, the deed to the subject property was refiled with a redesignation of R. E. M. Co. as a Pennsylvania limited partnership on May 27, 1982. On May 24, 1982, a limited partnership in the name of R. E. M. Co. was registered in the Commonwealth of Pennsylvania showing the general partner to be Peter Anthony DeFeo and the limited partners to be Jean Miriam Gochenaur and Mario Barlow. The capital contribution of Peter Anthony DeFeo was listed as 96 townhouses and the capital contribution of the limited partners was shown as professional services. The share of the profits each partner would receive under the partnership would be 98 percent Peter A. DeFeo and one percent for each of the limited partners. No transfer tax was paid on either of said deeds.

9. Plaintiffs, Penn-Delco School District and Parkside Borough, filed a municipal claim against Peter Anthony DeFeo on August 12, 1983 in the amount of $18,240.

10. The parties have stipulated that if any transfer tax is payable and that if the tax was payable upon 100 percent interest in the real estate then the amount of the tax would be $18,240.

## II. DISCUSSION

In order for a transfer tax upon real estate to be validly imposed, the tax can only be imposed upon transactions where there is a real transfer of a beneficial interest. Sablosky v. Messner, 372 Pa. 47, 92 A.2d 44 (1952). Therefore, a transfer of real estate from a partner in his individual capacity to a partnership in which he is a member should only be taxable as to the value of the participating interest in the property being transferred to the other member or members of the partnership. We make the following

## III. CONCLUSIONS OF LAW

1. The amount of beneficial interest in the real estate transferred by Peter Anthony DeFeo to other members of R. E. M. Co., a limited partnership, amounts to two percent of the value of the property.

2. The amount of real estate transfer tax due and owing by defendant, Peter Anthony DeFeo, is $364.80.

## DECREE NISI

And now, this December 3, 1984, a decree is entered as follows

1. Judgment is entered against defendant, Peter Anthony DeFeo, and in favor of plaintiffs, Penn-

Delco School District and Parkside Borough, in the amount of $364.80 together with interest, computed from date of transfer, June 13, 1980.

2. If no exceptions are filed to this decree nisi within ten days of the date hereof, the decree shall become final.